947 F.2d 941
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ralph HAYES, Plaintiff-Appellee,
v.
Roger QUIROS, Defendant-Appellant.
 No. 90-2221.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1991.
Decided Oct. 29, 1991.
As Amended Nov. 21, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Joseph F. Anderson, Jr., District Judge. (CA-89-2735-17)
 Argued: Perry H. Gravely, Leatherwood, Walker, Todd & Mann, P.C., Greenville, S.C., for appellant.
 Robert E. Hoskins, Foster, Foster & Foster, Greenville, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER and SPROUSE, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, Sitting by Designation.
 OPINION
 PER CURIAM:
 
 
 1
 Roger Quiros appeals from the judgment and findings of fact rendered by the district court in an equitable action for accounting of partnership profits and expenses. The court ordered payment to Appellee, Ralph Hayes, in the amount of $78,357.47, plus postjudgment interest and costs, finding that several costs incurred by Appellant during the course of the partnership business were not necessary and proper. The court did not allow Appellant to deduct those costs from partnership profits. The judge denied Quiros' subsequent motions for Amendment of the Findings and Judgment and for New Trial.
 
 
 2
 The appellate standard of review is clear error. Fed.R.Civ.P. 52(a). The district court's findings are not clearly erroneous; therefore, we affirm.
 
 
 3
 * The parties to this appeal, Ralph Hayes and Roger Quiros, were partners in a business which bought and sold used textile machinery and equipment. By the terms of an oral partnership agreement, the partners were to split profits evenly. Quiros contends that all expenses were to be deducted out of partnership profits before net profits were to be shared. Hayes claims that each partner was to bear his personal costs out of his partnership draw.
 
 
 4
 The main transactions at issue are the sales of equipment from the Poinsett and Bloomsburg Mills. Also at issue are incidental profits from the sale of a piece of equipment (the "opening line").
 
 
 5
 Poinsett Mill--Hayes and Quiros purchased the machinery and equipment of the Poinsett Mill for resale to a purchaser in Mexico.
 
 
 6
 Quiros seeks to have a $27,500 payment which he made to Cobo, an employee of the purchaser, deducted as a partnership expense.
 
 
 7
 Bloomsburg Mill--Hayes and Quiros acted with another partner, Pulgar, in the Bloomsburg Mill transaction. The partners purchased the mill's machinery and equipment for resale to a Chilean buyer. During this transaction Quiros incurred an expense of $32,000 in the form of a payment to his son-in-law, Gabriel Ramirez, who acted as an overseer for a "rigging job" on the project. Quiros also made a $5,200 payment to an individual named Elsaca. At trial, Quiros sought to have both costs deducted as expenses of the partnership.
 
 
 8
 Quiros incurred personal expenses (for travel, telephone, etc.) during both of these operations which he now seeks to deduct from the profits of the partnership.
 
 
 9
 Opening Line--Quiros argues that Hayes sold a piece of equipment called an "opening line" for $10,000. Quiros contends that he is entitled to a set-off against judgment in the amount of his profits from this sale.
 
 II
 
 10
 The district court found that the partners agreed to bear their own expenses. Although the issue was disputed, Hayes testified at trial that this was the import of the agreement. The reviewing court shall give due regard to the opportunity of the court below to evaluate the credibility of the witnesses. Fed.R.Civ.P. 52(a). Accordingly, the district court's finding is affirmed.
 
 
 11
 With regard to the Poinsett Mill deal, Quiros disputes the district court's finding that the $27,500 payment was an illegal kickback and was therefore not deductible as an expense of the partnership. This argument is meritless. Quiros himself characterized this payment as a kickback in testimony introduced at trial.
 
 
 12
 Quiros also disputes the trial judge's finding that compensation of $32,000 to Gabriel Ramirez was an excessive payment for 12 weeks of work by an inexperienced 24-year-old. The court awarded Quiros a $6,600 credit against judgment which it deemed a reasonable amount to pay for Ramirez's services. This determination is supported by the evidence, and is affirmed.
 
 
 13
 The appellant questions the disallowance of a $5,200 payment which he claims to have paid for expenses incurred by Elsaca. The trial judge determined that the parties had not agreed on this item and held that it was not a reasonable and necessary partnership expense. The evidence on this issue, although controverted, supports the district court's findings.
 
 
 14
 Quiros contends that he is entitled to one-third of the profits received by Hayes for the sale of the "opening line." The failure of the trial court to resolve this issue, not fully developed at trial, creates no clear error.
 
 
 15
 AFFIRMED.